# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 07-60417

JIMMY RAY TURNER

Plaintiff-Appellant

v.

EDDIE BOWEN; RICHARD WEBB; DAVID GARNER; STEVEN HAYNE;
ROBERT EVANS; MISSISSIPPI CRIME LABORATORY; TOMMY SCOTT;
RAYMOND DELK; KEITH BOUNDS; CHARLIE CRUMPTON; KIM
GARNER-ULMER; ANTHONY GRAYSON

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-576

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jimmy Ray Turner, Mississippi prisoner # K0837, appeals the district court's dismissal of his 42 U.S.C. § 1985 civil rights complaint against various individuals and the Mississippi Crime laboratory for conspiracy to interfere with his civil rights.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Turner argues that the district court erred in determining that he failed to state a race- or class-based basis for the conspiracy, and he contends that the conspiracy was based on the animus of the victim's powerful, influential, and political family. However, Turner's alleged basis for the conspiracy does not satisfy the applicable provisions of section 1985 and therefore fails to state a cause of action. See Daigle v. Gulf State Utils. Co. Local Union No. 2286, 794 F.2d 974, 978-79 (5th Cir. 1986).

Although Turner failed to state a claim under section 1985, the district court did not err by not construing Turner's claim as a section 1983 action. Turner repeatedly expressly stated in his filings that he did not want his current claim construed as a section 1983 action. Turner in this connection at least once acknowledged that his prior section 1983 claim, against one of the defendants named in this proceeding, was dismissed and that he wanted to avoid a similar outcome in this case. Turner v. Hayne, No. 3:05-CV-197-WHB-AGN, 2005 WL 1595661, at *1 (S.D. Miss. Jul. 1, 2005) (holding that Turner's section 1983 suit against Dr. Steven Hayne was precluded by the Supreme Court decision in Heck v. Humphrey, 114 S.Ct. 2364 (1994)). So, while pro se litigants' pleadings should be construed liberally, the district court did not err by declining to construe Turner's section 1985 claim as a claim under section 1983 both because a section 1983 action would likely have been barred by Heck v. Humphrey and because Turner repeatedly expressly insisted that he was not bringing a section 1983 action.

Liberally construed, Turner's brief also contends that he was prevented by the magistrate judge and the district court from amending his complaint. However, Turner has not alleged that he expressly requested leave to amend his complaint, and, in any event, Turner has not shown that any attempt to amendment to his complaint would not have been futile. see U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 387 (5th Cir. 2003).

Turner further argues that the district court erred in not allowing him to file objections to its final judgment, but there is no right to file objections to a final judgment. Rule 59 provides litigants an opportunity to alter or amend a judgment through a motion filed within ten days of the judgment's entry. FED. R. CIV. PRO. 59(e). Turner's allegation that his "Motion Invoking Plaintiff's Civil Rights . . ." should have been treated as a Rule 59 motion is undercut by the fact that it does not mention or refer to the district court's May 1, 2007 judgment dismissing Turner's complaint or any other ruling of the district court and it does not seek to alter any such ruling. Turner's allegation that his motion was sent on May 2, 2007 also undermines his argument because, given his being incarcerated, it would have been highly unlikely that he could have learnt about and responded to the judgment by the following day. For these reasons, we conclude that Turner's motion was not seeking to alter or amend the district court judgment, and therefore, it was not a Rule 59 motion.

For the foregoing reasons, the district court's dismissal of Turner's section 1985 claims is

AFFIRMED.